MARTINEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-500-CR

        
2-03-501-CR

        2-03-502-CR

        2-03-503-CR

        2-03-504-CR

JACK LEE MARTINEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On July 11, 2003, appellant Jack Martinez entered a non-negotiated plea of guilty to four counts of aggravated robbery with a deadly weapon and one count of robbery by threat and pled true to an enhancement allegation in each case.  The trial court ordered a presentence investigation (PSI) report to be prepared before assessing punishment.  On November 20, 2003, at the punishment hearing, appellant stated that he had no objection to the PSI report, and the trial court assessed appellant’s punishment at fifty years’ confinement in each case, with the sentences to be served concurrently.

In one point, appellant argues that the PSI report violated the Confrontation Clause of the Sixth Amendment of the United States Constitution because the report contained hearsay statements made by the victims of each crime.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State,
 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Except for complaints involving systemic requirements, or rights that are waivable only, all other complaints, whether constitutional or otherwise, are forfeited by failure to comply with rule 33.1(a).  
Mendez
, 138 S.W.3d at 342.  The court of criminal appeals has used the term “fundamental” to describe complaints that may be raised for the first time on appeal.  
Id.
 at 341.

Appellant offers no legal authority to support the argument that Confrontation Clause violations constitute fundamental error.  Moreover, the court of criminal appeals has held that hearsay errors are not fundamental and must be preserved with a timely and specific objection to the evidence.  
Moore v. State
, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1219 (1997).  Therefore,  because appellant did not object to the PSI report at the punishment hearing, he failed to preserve error for purposes of appeal.  We overrule appellant’s point and affirm the trial court’s judgments.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 14, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.